HAWKINS, Justice,
for the Court:
Paul B. Osborn and his wife Mildred M. Osborn have appealed from a decree of Chancery Court of the Second Judicial District of Hinds County cancelling a tax deed to them for 40 acres.
The only issue we address on this appeal is whether the chancellor erred in holding Lamar Allen Harrison and his wife Marceil Harrison, the holders of the record title, made a reasonable effort to redeem the land within the two-year redemption period. We find the chancellor was correct, and affirm.
On November 24, 1976, Robert W. Hines and his wife conveyed 200 acres of land in the Second Judicial District of Hinds County to the Harrisons. At the time the Hines lived at 4812 Oxford Drive in Mobile, Alabama, and Mr. Hines was an employee of Harrison’s. The Harrisons lived then, and at the time of the trial, in Wilmer, Alabama. The deed was filed with the Chancery Clerk on January 14, 1977, and recorded on the land deed records. On September 30, 1978, 40 acres of this 200-acre tract, and the land in controversy, was struck off and sold to Osborn for delinquent 1977 taxes.
The Harrisons experienced some difficulty getting information about their taxes, and unfortunately relied upon an Alabama attorney to assist them. Failing to be satisfied, Harrison telephoned the Tax Collector’s Office in Raymond and the Chancery Clerk’s Office in Raymond on February 28, 1980, inquiring what was owed. Harrison was told what he owed, and on February 28, 1980, he sent a check in the amount of $274.91 to the Tax Collector of Hinds County. The check stated it to be “prop, tax 4967-0996-000, 4967-0997-000, 4967-0998- *123 000.” Soon thereafter he received a letter by the deputy clerk, as follows:
FEBRUARY 28, 1980
MR. LAMAR E. HARRISON
P.O. BOX 143
WILMER, ALABAMA 36587
Dear Mr. Harrison:
The taxes due on your property is as follows:
1977 Taxes-Sale # 104 Par. # 4967-996— 201.32
1978 Taxes-Sale # 112 Par. # 4967-996— 175.97
Make check payable to Pete McGee, Chancery Clerk, and mail to above address.
On payment of same Redemption Certificates will be mailed to you.
Very truly yours,
PETE MCGEE,
CHANCERY CLERK
BY/S/ Ina Prine D.C.
Harrison mailed a check for $377.29 on March 6, 1980, made to Pete McGee, Chancery Clerk.
Following this Harrison received two releases from delinquent tax sales for the years 1977 and 1978, mailed to his correct address in Wilmer, Alabama, by the Chancery Clerk of Hinds County. These releases are dated March 10, 1980. They describe 120 acres of the 200-acre tract, but not the 40 acres in question. One release recites the 120 acres had been sold September 18,1978, to Joe Harkins for 1977 taxes, and the other recites the 120 acres had been sold September 17, 1979, to P.B. Osborn for 1978 taxes.
On June 20, 1980, the Chancery Clerk sent notice by certified mail to “Lamar, Allen Harrison, 4812 Oxford Drive, Mobile, Alabama.” This notice stated that the 40 acres in question had been sold September 18, 1978, to Paul B. Osborn for 1977 taxes, and the title would become absolute unless redemption was made on or before September 18, 1980. Hines, who had lived at this Mobile address, had moved in the meantime. The notice was returned. The Harri-sons did not receive any redemption notice as to this 40 acres.
Suit was filed February 23, 1982, to cancel the tax deed. The complaint is inexcusably carelessly, and inartfully drawn. A lis pendens notice was filed. Two different 40 acres are described in the complaint, and still another 40 acres are described in the lis pendens notice.
Upon motion the chancellor required a more definite statement, and the defendants answered.
Following a hearing the chancellor held the Harrisons had made a reasonable effort to redeem, and their failure to do so was not their fault. In his decree he ordered the Harrisons to pay all sums to the Os-borns required by statute.
The chancellor set aside the tax deed and a deed of trust on the land from Osborn to his wife Mrs. Osborn.
LAW
Upon their appeal the Osborns argued the Harrisons never proved a void tax sale. That is not the issue, the right of redemption was, and is.
The Osborns argue the Harrisons did not in their complaint deraign title. Under our present rules it is not necessary to deraign title in the bill of complaint. Moreover, this omission was not objected to in any motion or pleading of the Osborns. While it is necessary, in order to have standing to sue to remove a tax deed as a cloud on title, that the plaintiff prove title in himself, or such interest as will warrant the action, this was never made an issue before the chancellor. We simply hold that as a matter of pleading, it is no longer necessary to deraign title in the plaintiff in the initial complaint. A competent attorney in his complaint will be wise enough, however, to state sufficient facts for the court to conclude he has standing to sue. In this case the Harrisons recited the deed to them from the Hineses, and attached a copy to their complaint. This was not disputed.
*124 As to the redemption, this case is controlled by Levy v. McCay, et al., 445 So.2d 546 (1984, and not yet reported). Redemption statutes are liberally construed. We find no error in the chancellor’s ruling.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.