502 So.2d 310 (1986)
DeWEESE NELSON REALTY, INC.
v.
EQUITY SERVICES CO. & Beeman Investment Co.
No. 55990.
Supreme Court of Mississippi.
October 1, 1986.
Rehearing Denied February 25, 1987.
William P. Featherston, Jr., Jackson, for appellant.
E. Stephen Williams, Young, Scanlon & Sessums, Jackson, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
This appeal involves a suit by DeWeese Nelson Realty, Inc. to quiet title and set aside certain tax deeds for an undeveloped tract of property in Jackson, Mississippi. From an adverse ruling in the Chancery Court of Hinds County, DeWeese Nelson Realty, Inc. appeals assigning as error:
*311 (1) The taxing authority of the City of Jackson did not comply with their duty to conduct a diligent search and inquiry as required by Miss. Code Ann. § 27-43-3 (Supp. 1985) to ascertain the address of appellant for the purpose of informing appellant of its right to redeem the subject property from the City of Jackson tax sale, thereby rendering the city tax sale void.
(2) The chancellor was manifestly in error and abused his discretion by finding that appellant did not make a reasonable effort to redeem the subject property from the county tax sale and by not voiding the county tax deed in allowing appellant to redeem its property.
(3) The chancellor erred by not finding the Mississippi statutes pertaining to sales of land for taxes unconstitutional for allowing a property owner to be deprived of his property without due process of law.
We affirm without reaching the merits of appellant's constitutional claim.

I.
DeWitt "Buddy" DeWeese was President of DeWeese Nelson Realty, Inc., a Mississippi corporation. DeWeese Nelson Realty, Inc. (appellant) acquired fee simple title in 1978 to Lot 18, Petit Bois, Part 1, a portion of an undeveloped subdivision in Jackson, Mississippi.
City and county ad valorem taxes on the property for 1979 went unpaid. The property was sold at a city tax sale on April 7, 1980 and at a county tax sale September 15, 1980. Equity Services Company (Equity) was the buyer at both sales.
The property was never properly redeemed and both tax sales matured in 1982, with Equity holding title. The property was subsequently conveyed from Equity to Beeman Investment Company (Beeman).
In December of 1983, appellant brought suit to quiet title to the property and to have the tax deeds set aside. Having no success in the Chancery Court of Hinds County, appellant perfects this appeal.

II.
Did the taxing authority of the City of Jackson comply with their duty to conduct a diligent search and inquiry as required by Miss. Code Ann. § 27-43-3 (Supp. 1985)?
When property is sold for unpaid county or municipal ad valorem taxes, the property owner must be given notice of his right to redeem the property within 180 days of, but no less than 60 days prior to, the expiration of the redemption period. Miss. Code Ann. § 27-43-1 and § 27-43-4 (Supp. 1985).
Both chancery clerks and municipal clerks are required to provide notice in accordance with Miss. Code Ann. § 27-43-3 (Supp. 1985) which states in part:
The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he be a resident of the state of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post-office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
.....
Notice by mail shall be by registered or certified mail. In the event the notice by mail is returned undelivered and the personal notice as hereinabove required to be served by the sheriff is returned not found, then the clerk shall make further *312 search and inquiry to ascertain the reputed owner's street and post-office address. If the reputed owner's street or post-office address is ascertained after the additional search and inquiry, the clerk shall again issue notice as hereinabove set out. If personal notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post-office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner's street or post-office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post-office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record.
Section 27-43-3 requires redemption notice to be given by personal service, by mail, and by publication in an appropriate newspaper.
The present record reflects that the municipal clerk properly published notice in the Jackson Daily News and that personal service of the redemption notice was performed by Bart Usry, a Hinds County Deputy Sheriff. Appellant's complaint concerns the address to which its redemption notice was mailed.
Appellant's registered agent for service of process was Harriette Lee DeWeese and the mailing address of its registered agent was 507 Holland Avenue, Philadelphia, Mississippi. Appellant contends the name and address of its registered agent was on file and of record with the office of the Secretary of State.
Appellant's municipal redemption notice letter was mailed to 146 Chippewa Circle, Jackson, Mississippi, the residence of DeWitt DeWeese's former wife. The letter was addressed to DeWeese Nelson, Inc., c/o Buddy DeWeese. Mr. DeWeese testified he had not resided at that address for over 10 years.
In contrast, the Hinds County redemption notice was mailed to the Philadelphia, Mississippi address and was received by the appellant's registered agent. Because the chancery clerk had access to the appellant's corporate address, it is apparent the municipal clerk also had access to that address. This Court held in Kron v. VanCleave, 339 So.2d 559 (Miss. 1976) that landowners have the right to presume information available to one taxing authority may be ascertained by other taxing authorities upon reasonably diligent search and inquiry.
Appellant claims the municipal clerk failed to conduct a "diligent search and inquiry" because the clerk did not mail appellant's notice to the correct corporate address.
Mrs. Bobbie Rester, Assistant City Clerk for the City of Jackson, testified concerning the method employed by the municipal clerk to ascertain mailing addresses:
Q. How do you ascertain a landowner's or property owner's address to send them the notice?
A. The first thing we do in order to get the list that has not been redeemed is to go to the tax office and search from the tax assessor's department to get the property address, then from the downstairs department, the tax collector's office to get the mailing address. That's what you use for the first notice. Now, if they don't have it, then you use telephone directories. You can use county tax collector's addresses, or you hunt in the city directory or call somebody that might know somebody that might know *313 who they are. You just make every effort to try to get an address.
Q. What about for a corporation?
A. Secretary of State's office.
The record does not reflect the origin of the Jackson, Mississippi address used by the municipal clerk. Apparently that address was located before the clerk consulted the county tax collector or the Secretary of State. Notice was then mailed to the Jackson address, Mrs. DeWeese took delivery of it, and the delivery receipt was mailed back to the municipal clerk. There was no indication to the municipal clerk of any problems concerning the delivery of the notice. Further solidifying the clerk's belief that notice had been properly delivered, the notice served by the sheriff's office bore the same address as the mailed notice.
There is evidence in the present record indicating that DeWitt DeWeese actually received the mailed notice. Mrs. DeWeese, who took delivery of the mailed notice, testified it was her practice, whenever her former husband received mail at her address, to send the mail to Mr. DeWeese via one of their two sons.
Notwithstanding that evidence, the Court looks to Miss. Code Ann. § 27-43-3 (Supp. 1985) which states in part, "The failure of the landowner to actually receive the notice herein required shall not render the title void, provided the clerk and sheriff have complied with the duties herein prescribed for them." See, Hart v. Catoe, 390 So.2d 1001 (Miss. 1980).
In the present case, the Chancery Court held the municipal clerk was diligent and evidence in record supports that finding by the chancellor. Both the mailed notice and the personal notice bore the Jackson, Mississippi address and neither was returned undelivered. Absent some indication that there was a problem involved, there was nothing to indicate to the clerk that notice had not been delivered. Therefore, the Court holds the municipal clerk was diligent.

III.
Did the chancellor err in finding that appellant made no reasonable effort to redeem the subject property?
In an effort to avoid the county tax sale, appellant has invoked the doctrine of equitable redemption as established by this Court in Osborn v. Harrison, 447 So.2d 122 (Miss. 1984) and Levy v. McCay, 445 So.2d 546 (Miss. 1984). In Osborn and Levy, tax sales were set aside based on findings that property owners had made "reasonable efforts" to redeem their property before the tax deeds matured. To the contrary, the chancellor in the instant case found that the appellant did not make a reasonable effort to redeem its property.
April 16, 1982, appellant received the county redemption notice stating the property had been sold for 1979 taxes. On May 13, 1982, DeWitt DeWeese tendered a check to the Hinds County Tax Collector for $46.43, the amount of the 1981 county ad valorem taxes. Mr. DeWeese claims he was attempting to pay all the taxes due on the property. His receipt, however, clearly indicated the amount paid was for taxes due in 1981. Furthermore, Mrs. Francis Doris, the employee who signed DeWeese's receipt, testified that if any mention had been made of a tax sale or a redemption, she would have directed the person to the chancery clerk's office where the tax sale redemptions were handled.
On September 14, 1982, the day before the expiration of the redemption period for the county sale, DeWitt DeWeese visited Hinds County Chancery Clerk Pete McGee, but DeWeese did not redeem the property. Afterward, DeWeese visited B.B. McClendon who represented Equity Services Company, purchasers at the tax sale. At trial, Mr. McClendon testified that DeWeese told him that Nelson DeWeese Realty would not redeem the property. DeWitt DeWeese denied making any such statement.
Based on the afore-mentioned facts, the chancellor found that "DeWeese did not *314 redeem or make a reasonable effort to redeem either the city or county tax sales made for 1979 ad valorem taxes." Findings of fact made by a chancellor may not be set aside or disturbed on appeal unless manifestly wrong. Smith v. Todd, 464 So.2d 1155, 1157 (Miss. 1985); Peoples Bank & Trust Co. v. L & T Developers, 434 So.2d 699, 704 (Miss. 1983).
This Court finds the chancellor was not manifestly wrong.

IV.
Construing Miss. Code Ann. § 27-41-55 (Supp. 1985) and Miss. Code Ann. § 27-43-3 (Supp. 1985) together, notice must be given by personal service, mail, and publication before a landowner's rights are finally extinguished by the maturing of a tax deed. The evidence in the present record indicates appellant actually received notice by mail and by personal service before it was finally deprived of its property interest.
On those facts, this Court cannot find that appellant was deprived of its property interests without due process of law. Therefore, the Court finds it unnecessary to address the merits of appellants constitutional issue. Marble v. Marble, 457 So.2d 1342, 1343 (Miss. 1984); Tribou v. Gunn, 410 So.2d 378, 380 (Miss. 1982).
In the interest of refining our law, however, this Court suggests the legislature consider the statutory procedure for notice of tax sales in light of developing United States Constitutional law on due process. In this case it would be helpful for the legislature to be apprised of Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).
As this Court has stated before, "[T]he courts interpret statutes and decide the law. The enactment, modification, amendment or repeal of statutes are for the legislature." Contreras v. State, 445 So.2d 543, 545 (Miss. 1984).
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.