# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-01191-SCT

*REBUILD AMERICA, INC.*

*v.*

*TIM A. NORRIS*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT:               07/20/2009
TRIAL JUDGE:                    HON. PATRICIA D. WISE
COURT FROM WHICH APPEALED:      HINDS COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:         KIMBERLY PINE TURNER
ATTORNEY FOR APPELLEE:          STEVE YOUNGER
NATURE OF THE CASE:             CIVIL - OTHER
DISPOSITION:                    AFFIRMED - 06/16/2011
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Tim Norris failed to pay the 2005 property taxes on his Jackson restaurant, so in August 2006, Sass Muni purchased the property in a tax sale.  After Norris did not redeem the property within the two-year period provided by statute,[1] a tax deed was issued to Sass Muni, which then deeded the property to Rebuild America.

¶2.     When Rebuild America filed a suit to confirm title, Norris—arguing that he was never personally served with notice of the tax sale, as required by Section 27-43-3[2]—moved for

---

[1] *See* Miss. Code Ann. § 27-45-3 (Rev. 2010).

[2] Miss. Code Ann. § 27-43-3 (Rev. 2010) ("the sheriff shall be required to serve personal notice as summons issued from the courts are served").

summary judgment to have the tax sale set aside. The chancellor granted summary judgment and set the tax sale aside, and Rebuild America appealed, arguing to the Court of Appeals that the failure to effect personal service was excusable because the sheriff had made a good-faith attempt to effect service, and because Norris received actual notice by mail. The Court of Appeals rejected this argument and affirmed the chancellor. We agree with the Court of Appeals' analysis of the issues as reported at **Rebuild America, Inc. v. Norris**, __ So. 3d __, 2010 WL 3547982, at *2 (Miss. Ct. App. Sept. 14, 2010). But we granted certiorari to limit the Court of Appeals' holding to the facts of this case, and to address Rebuild America's request for reimbursement.

## ANALYSIS

¶3.    Section 27-43-3 generally requires the chancery clerk to provide notice of tax sale to the property's reputed owner in three forms: (1) by "personal notice as summons issued from the courts are served," (2) by "mail . . . at his usual street address," and (3) by publication "in a public newspaper of the county in which the land is located . . . ." The Court of Appeals, citing our opinion in **DeWeese Nelson Realty, Inc. v. Equity Services. Co.**,[3] stated without qualification: "All three requirements must be met for the redemption notice to be complete and in accordance with the statute." But the requirement of all three methods of notice is not absolute in all cases. Under circumstances where "the clerk and sheriff have complied with the duties herein prescribed for them," the tax sale may be confirmed, even though the owner never received actual notice of the tax sale.[4] So, although there may be cases where the lack

---

[3] **DeWeese Nelson Realty, Inc. v. Equity Servs. Co.**, 502 So. 2d 310 (Miss. 1986).

[4] Miss. Code Ann. § 27-43-3.

2

of personal service will not void a tax sale, this is not one of them. The sheriff did not effect personal service as required, despite knowing Norris's correct home address.

¶4.    Rebuild America also argues that it is statutorily entitled to reimbursement of taxes paid for previous years, together with statutory interest and penalty.[5]  This issue is not properly before us, and must be decided by a separate claim made pursuant to Section 27-45-27(1).

## CONCLUSION

¶5.    The decisions of the Court of Appeals and the Chancery Court for the First Judicial District of Hinds County are affirmed.

¶6.    **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.  KING, J., NOT PARTICIPATING.**

---

[5] Miss. Code Ann. § 27-45-27(1) (Rev. 2010) ("The purchaser and the holder of the legal title under him by descent or purchase, may enforce the lien by bill in chancery, and may obtain a decree for the sale of the land in default of payment of the amount within some short time to be fixed by the decree.").