390 So.2d 1001 (1980)
G.E. HART
v.
E.V. CATOE, Jr. et al.
No. 52244.
Supreme Court of Mississippi.
December 3, 1980.
J.B. Van Slyke, Jr., Pope & Van Slyke, Hattiesburg, for appellant.
F. Douglas Montague, III, Gray, Montague & Pittman, Hattiesburg, for appellees.
Before SMITH, P.J., and SUGG and LEE, JJ.
*1002 LEE, Justice, for the Court:
G.E. Hart filed suit in the Chancery Court of Forrest County against E.V. Catoe, Jr., to confirm title on a 40-acre tract of land situated in said county. Catoe filed an answer and cross-bill seeking cancellation of (1) a tax deed executed to Hart and (2) Hart's claim as a cloud on his title to the 40-acre tract. The lower court, Honorable Howard L. Patterson, Jr., presiding, entered a decree dismissing the original bill of complaint and cancelling the Hart deed and all claims he asserted on the land as a cloud on Catoe's title, and Hart has appealed.
Appellant assigns three (3) errors in the trial below, but the sole question presented is whether or not the chancellor erred in holding that appellant did not satisfy the notice provisions of Mississippi Code Annotated Section 27-43-3 (1972), as amended.
Appellee acquired the 40-acre tract of land in 1939. Each year thereafter, he wrote the tax assessor for tax statements and paid the ad valorem taxes due. Through some oversight or mistake, he failed to pay the 1975 taxes, although he continued to tender taxes as they became due in succeeding years.
The land was sold to appellant for delinquent 1975 taxes on September 20, 1976. It was not redeemed within the statutory two-year period and title matured in appellant. On October 10, 1978, the chancery clerk executed and delivered to appellant a tax deed covering the land. This suit subsequently was filed by appellant to confirm the tax deed and to cancel claims asserted by appellee.
Mississippi Code Annotated Section 27-43-3 (1972) provides for the giving of notice to a landowner before title to land sold at a tax sale matures in a purchaser. The section was amended, effective October 1, 1975, and the pertinent parts of the amended statute follow:
"In the event the notice by mail is returned undelivered and the personal notice as hereinabove required to be served by the sheriff is returned not found, then the Clerk shall make further search and inquiry ... if personal notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the Clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as a permanent record in the office of the Clerk and such action shall be noted on the Tax Sales Record.

* * * * * *
... The failure of the landowner to actually receive the notice herein required shall not render the title void, provided the Clerk and sheriff have complied with the duties herein prescribed for them." (Emphasis added) MCA § 27-43-3, as amended 1975.
An examination of the amended statute indicates that stringent requirements were placed upon the chancery clerk to notify a landowner of the tax sale and the fact that title to the land sold would mature in the purchaser on a certain date.
Without detailing the acts of the chancery clerk in attempted compliance with the statute, to locate and notify appellee, it is uncontradicted that appellee's name and address appeared in the register of landowners maintained in the tax collector's office and it is undisputed that the chancery clerk failed to file the supporting affidavits required by the statute.
The chancellor found and adjudicated the following:
"That Section 27-43-3 of the Miss. Code of 1972 Ann., as amended was not strictly complied with in that the search for the landowner's proper mailing address was not diligent and thorough, as reflected by the availability of said landowner's address on file in the office of the Tax Collector of Forrest County, Mississippi, and for the further reason that the required affidavit specifying the acts of search and inquiry made by the Chancery Clerk, was not filed of record or noted in the tax sale record.

*1003 That the address of the landowner at the time the statutory notice was given, was on file in the office of the Tax Collector of Forrest County, Mississippi, and was therefore available as a reasonable place of search and inquiry.
That the landowner made a bona fide effort to ascertain by mail the amount of taxes due at the time that same became payable, which was his usual and customary practice."
Appellant cites Rains v. Teague, 377 So.2d 924 (Miss. 1979). However, that case is not authority for the question here, since it was decided under the 1972 section and before the 1975 amendment was enacted.
The public policy of this state favors and protects owners of land from loss by its sale for taxes. Carmadelle v. Custin, 208 So.2d 51 (Miss. 1968).
72 Am.Jur.2d State and Local Taxation § 1019, at 293 (1974) states the general law with reference to requirements of a statute such as Section 27-43-3 as follows:
"The requirements of the statute as to the service and proof of service of the notice required to terminate an owner's right to redeem from a tax sale are usually considered to be mandatory and required to be strictly followed. It has been held that no presumption that the requirements of such a statute have been complied with may be indulged. There must be strict compliance with the requirement of the filing of an affidavit showing the making, manner, and place of service, or, in the case of inability to serve the notice a strict compliance with the provisions regarding the proof to be filed showing the excuse for not serving the notice." (Emphasis added).
The statute involved here must be given a strict construction, and its requirements fully satisfied. Essential mandates of the statute were not followed and the failure so to do renders the tax deed to appellant void. The chancellor was eminently correct in cancelling same and the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.