580 So.2d 1234 (1991)
Erline P. BROWN
v.
James M. RILEY, Jo Ann Riley, First National Bank a/k/a Trustmark National Bank and J.E. Carter.
No. 89-CA-1271.
Supreme Court of Mississippi.
May 3, 1991.
*1235 Charles O. Jones, C. Eiland Harris, Jackson, for appellant.
Mel J. Breeden, Jr., John H. Price, Jr., Thomas Price Alst, on Jones & Davis, Dale F. Schwindaman, Jr., Thomas Price Firm, Roy J. Perilloux, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Erline P. Brown appeals the dismissal by the chancery court of the First Judicial District of Hinds County of her complaint to confirm a tax deed to realty in Clinton, Mississippi. Because there was a substantial failure to comply with Miss. Code Ann. § 27-43-3, a redemption statute, we affirm.

FACTS
Miss. Code Ann. § 27-45-3 (1972) gives owners the right to redeem property sold at a delinquent ad valorem tax sale at any time within two years from date of sale. If there is no redemption, Miss. Code Ann. § 27-43-5 authorizes the chancery clerk to issue a tax deed to the tax sale purchaser.
Miss. Code Ann. § 27-43-1 (Supp. 1991) requires the chancery clerk, within 180 days and not less than sixty days prior to expiration of redemption, to issue notice to the landowner that the land will be sold unless redeemed by the expiration date. This section also sets forth the form of the notice.
Miss. Code Ann. § 27-43-3 (Supp. 1991) provides the method of notice:
1. The clerk is required first to issue the notice to the sheriff, who in turn is required to serve it as a court summons, and make his return.
2. The clerk is also required to mail by first class certified or registered mail, to the owner's address a copy of the notice.
3. The clerk is finally required to publish the name and address of the owner and a description of the property in a newspaper of general local circulation at least 45 days prior to the expiration of the redemption period.
The statute also provides that failure of the owner to receive the notice does not render the sale void, provided the clerk and *1236 sheriff have complied with the duties prescribed therein.[1]
Miss. Code Ann. § 27-43-5 (Supp. 1991) requires the clerk to also mail by certified mail, return receipt requested, and within the time period required for the owner, notice to the mortgagee, beneficiary under a deed of trust, and holder of vendor's lien a similar notice to redeem. This statute likewise gives the form of the notice.
Beginning in 1981, James M. and Jo Ann Riley owned a house and lot in Clinton. There was also an outstanding deed of trust against the realty, but because of our finding that the Rileys failed to receive the required statutory notice, there is no need to recite facts pertaining to notice to the mortgagee or compliance therewith.
On September 18, 1983, the Rileys' property was sold at a tax sale to Erline Brown for unpaid 1982 county and state ad valorem taxes. On August 5, 1985, the chancery clerk of Hinds County published the statutory notice to owners whose land had been sold for taxes that the sale would mature in the purchasers unless redeemed by September 17, 1985. On March 29, 1985, the clerk issued to the sheriff a statutory notice to "James M. and Jo A. Riley" of the sale of their land September 19, 1983, and the redemption date of September 19, 1985. Deputy Sheriff Jewel Carter made the following return:
I have this day executed the within writ on James A. Riley the within named defendant, by leaving a true copy of the same at his usual place of abode in my county with his son (Jr.), a member of his family above the age of sixteen years and willing to receive such copy. The said defendant not found in my county. This the 21 day of May, A.D. 1985.
(underscored portions written in pen on form)
On March 29, 1985, the clerk mailed certified mail a copy of the statutory notice to "James M. & Jo A. Riley." The service card shows a date of delivery of April 3, 1985, with an initial following it. There is no signature of any person receiving the card. The postal records, however, show that this letter was delivered to Jo Ann Riley on April 3, 1985.
Deputy Carter testified she knew James M. Riley personally, that she went to his home and served the notice on his son, who she believed to be over sixteen years of age. She testified the middle initial "A" in her return was an error. She also testified she meant to show that she had served the notice on James Riley, Jr.
The above constitutes the full statutory notice the Rileys received.
Erline P. Brown, the tax sale purchaser, is the wife of an attorney in Starkville. On December 11, 1986, the chancery clerk executed *1237 a tax deed to Brown, and on June 9, 1987, she filed a complaint to confirm title.
At trial Brown offered proof of title as above noted, and when she rested the chancellor, upon motion of the defendants, dismissed the complaint with prejudice. The chancellor found that the summons failed to comply with Rule 4(d)(1)(A) of the Mississippi Rules of Civil Procedure (MRCP) because the Rileys were never mailed a copy of the summons served by Deputy Sheriff Carter. This subparagraph provides that upon service being made upon a member of the defendant's family above the age of sixteen years, the service must be completed by:
[T]hereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.
Brown has appealed.

LAW
The chancellor was not concerned with whether the Rileys actually received notice of their rights to redeem, instead holding that there was a substantial failure to comply with the statute and rule on process.
It goes without saying that the most important safeguard involving any person who stands to suffer from some official action is prior notice. This gives the recipient an opportunity to prepare himself and be heard. Notice, therefore, by far is the paramount factor and purpose of all process. First Jackson Securities Corp. v. B.F. Goodrich Co., 253 Miss. 519, 176 So.2d 272 (1965); Mid-South Pipeline Contractors, Inc. v. Citizens Nat'l Bank of Meridian, 239 Miss. 621, 124 So.2d 697 (1960). This, however, is not the entire story. Certain statutory formalities attend every process, and as this Court held in McCoy, et al. v. Watson, 154 Miss. 307, 122 So. 368, 370 (1929), actual knowledge by a defendant of the pendency of a suit against him is immaterial, "unless there has been a legal summons or a legal appearance." Also, Mosby v. Gandy, 375 So.2d 1024 (Miss. 1979).
Aside from notice, therefore, courts examine whether a summons has "substantially" complied with process statutes. Dunn v. Sims, 218 Miss. 227, 67 So.2d 261 (1953); 62 Am.Jur.2d Process § 7 (1972).
Miss. Code Ann. § 27-43-3 provides that "the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same."
It is clear in this case that there was not a substantial compliance with our process statutes or Miss. Code Ann. § 27-43-3. In the first place, as the chancellor noted, there was a noncompliance with Rule 4, MRCP. Second, as was pointed out, the clerk is required to give public notice at least 45 days prior to the expiration of the redemption period. Forty-three days did not suffice. DeWeese Nelson Realty v. Equity Services, 502 So.2d 310, 314 (Miss. 1986); Donald v. Commercial Bank, 132 Miss. 578, 97 So. 12 (1923); Planters Mercantile Co. v. Braxton, 120 Miss. 470, 82 So. 323 (1919).
The notice was also fatally defective in attempting to serve both Rileys with a single notice. The statute surely contemplates that each owner shall receive the notice required by the statute. Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners. James v. Tax Inv. Co., 206 Miss. 605, 40 So.2d 539 (1949).
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Pertinent portions of Miss. Code Ann. § 27-43-3 (Supp. 1991) provide:

§ 27-43-3. How notice served or mailed; publication; fees.
The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he be a resident of the state of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquire, or to his post-office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
If said reputed owner is a nonresident of the state of Mississippi, then the clerk shall mail a copy of said notice thereto in the same manner as hereinabove set out for notice to a resident of the state of Mississippi, except that personal notice served by the sheriff shall not be required.
Notice by mail shall be by registered or certified mail... .
... The failure of the landowner to actually receive the notice herein required shall not render the title void, provided the clerk and sheriff have complied with the duties herein prescribed for them....
The statute does not require a return receipt signed by the address on the mailed notice.