856 So.2d 711 (2003)
Perry L. ROACH, Appellant/Cross-Appellee,
v.
Arlene K. GOEBEL and Salesha K. Trussell, Appellees/Cross-Appellants.
No. 2002-CA-00106-COA.
Court of Appeals of Mississippi.
October 7, 2003.
*712 Patricia C. Champagne, Gulfport, attorney for appellant.
Roland F. Samson, Gulfport, Sonia Lee Shurden, attorneys for appellees.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the Court.
¶ 1. Perry L. Roach filed a complaint to confirm tax titles and cancel clouds on certain property against Arlene K. Goebel and Salesha K. Trussell and various other defendants in the Chancery Court of Hancock County, Mississippi. The chancellor set aside the tax conveyance from the municipal clerk as well as the chancery clerk's conveyance. Aggrieved by the chancellor's ruling, Roach has appealed and raised the following issue which we quote verbatim:
Whether the chancery clerk met the statutory requirement of "further search and inquiry" under Miss.Code Ann. § 27-43-3 after the first attempt to notice the reputed landowner by mail was returned undelivered, thereby meeting *713 the notice requirement and rendering the tax conveyance valid.
¶ 2. This Court affirms the chancellor's decision.
¶ 3. Goebel and Trussell have also cross-appealed. Because we affirm on direct appeal, the cross-appeal is rendered moot.

FACTS
¶ 4. In 1993, Ms. Arlene Kosbab Goebel, as trustee under a declaration of trust for Richard E. Kosbab, received a warranty deed on the following property:
Lots 19 and 20, Square 800, Shoreline Park Subdivision, Unit 8, a subdivision of Hancock County, Mississippi, as per the official map or plat thereof on file and of record in the Office of the Chancery Clerk of [Hancock] County, Mississippi.
¶ 5. Under the provisions of that trust, Ms. Goebel was to hold the property until Mr. Kosbab's daughter, Salesha Kosbab (Trussell) reached age twenty-five, at which time it was to be conveyed to her. The warranty deed noted that upon recordation it was to be returned to: Mrs. Goebel, 3950 Via Real Rd, Carpiuteria, CA 93013, XXX-XXX-XXXX.
¶ 6. The street address of this property was 4147 Dolphin Street, Bay St. Louis, Mississippi.
¶ 7. Trussell resided full time on the property from 1993 to 1995. During the period from 1995 to 1997, Trussell attended the University of Southern Mississippi in Hattiesburg, but lived on the property during weekends, holidays, and spring and summer vacations.
¶ 8. In March 1995, Trussell filed an application for homestead exemption with the Hancock County Tax Assessors' Office on this property. The application stated Trussell's address as 4147 Dolphin Street, Bay St. Louis, Mississippi 39520.
¶ 9. In December 1995, Trussell paid the 1993 and 1994 county ad valorem taxes.
¶ 10. On August 26, 1996, the Tax Collector of the City of Bay St. Louis sold the property to Roach for unpaid ad valorem taxes owed to the City for 1995. That tax title would mature on August 26, 1998. When the property was not redeemed, the Municipal Clerk for the City of Bay St. Louis issued a tax deed to Roach. Charlene Rutledge, deputy municipal clerk of Bay St. Louis, testified that a notice of redemption dated June 15, 1998, was mailed to "Arlene K. Goebel, Trustee 3950 Via Real Road, Carpiuteria, CA 93013" and was returned "undeliverable." She testified that she could not state whether any further effort was made to determine the name and/or address of the owner of this property, and provide them with notice of the imminent maturity of the tax title.
¶ 11. On August 26, 1996, the Hancock County Tax Collector sold the property to Roach for 1995 county ad valorem taxes, unless redeemed that sale would mature on August 26, 1998. The Hancock County Chancery Clerk sent by certified mail, return receipt requested, a notice of redemption dated April 15, 1998, to Arlene K. Goebel, Trustee at 3950 Via Real Rd, Carpiuteria, CA 93013, XXX-XXX-XXXX. That notice was returned to the chancery clerk's office, with the envelope marked "undeliverable." The chancery clerk published the notice of redemption in the local newspaper. Deputy Chancery Clerk Janet Ladner signed an affidavit on July 9, 1998, which stated that the phone directories, land records, and tax rolls had been searched for the property owner's most recent address. At trial, Ms. Ladner indicated that she did not perform the actual search but that Ms. Bonano, who was no longer employed with the chancery clerk's *714 office, had done so. Ladner also testified that the chancery clerk's office did not request the Sheriff of Hancock County to serve a redemption notice upon the owner of this property.
¶ 12. Trussell lived in Jackson, Mississippi for approximately eight months starting in January 1998. However, during this period she rented the home on the property to Danny Collum. In September 1998, Trussell moved to Hattiesburg where she lived until October 2000, when she moved in with her mother at 10230 Whale Avenue, Bay St. Louis, Mississippi 39520.
¶ 13. The 1995 city and county taxes were not paid and on September 10, 1998, Roach received tax deeds from the Municipal Clerk of the City of Bay St. Louis and the Chancery Clerk of Hancock County, Mississippi.
¶ 14. When Trussell reached twenty-five years of age, Goebel conveyed the property to her by warranty deed which was dated March 24, 1999, and filed on March 29, 1999.
¶ 15. On February 29, 2000, Roach filed a complaint to confirm tax title and cancel cloud upon five parcels of property, including "Lots 19 and 20, Square 800, Shoreline Park Subdivision, Unit 8, a subdivision of Hancock County, Mississippi, as per the official map or plat thereof on file and of record in the Office of the Chancery Clerk of Harrison County, Mississippi," claimed by Trussell.
¶ 16. There was no contest as to three of the parcels and accordingly in August 2000, the chancellor entered judgment in favor of Roach on those three properties.
¶ 17. Goebel and Trussell contested Roach's claim to "Lots 19 and 20, Square 800, Shoreline Park Subdivision, Unit 8, a subdivision of Hancock County, Mississippi," alleging that neither Hancock County nor the City of Bay St. Louis followed proper notification procedures. The chancellor held that neither Hancock County nor the City of Bay St. Louis had complied with the statutory notice requirements, and therefore Roach's deeds were void and ordered them cancelled. A judgment as to Trussell's property was signed by the chancellor on July 5, 2001, and filed on July 11, 2001.
¶ 18. On July 11, 2001, Roach filed a motion to reconsider. On August 23, 2001, the chancellor denied Roach's motion.
¶ 19. On September 21, 2001, Roach filed a motion for an extension of time to file notice of appeal, alleging that his attorney did not receive a copy of the order denying his motion to reconsider. This motion was granted on the same day. A notice of appeal was sent to the clerk within the allotted time of extension, but did not have the appropriate fees and was returned to Roach's attorney on October 31, 2001. On November 6, 2001, another motion for an extension of time was filed because Roach's attorney had failed to include the appropriate filing fees. On December 18, 2001, the chancellor entered a judgment regarding the final parcel involved in this cause of action. Roach filed his notice of appeal on January 18, 2002.
¶ 20. The chancellor's voiding of the municipal tax deed has not been contested on appeal.

ISSUE AND ANALYSIS
Whether the chancery clerk met the statutory requirement of "further search and inquiry" under Mississippi Code Annotated Section 27-43-3 (Rev. 2000) after the first attempt to notice the reputed landowner by mail was returned undelivered, thereby meeting the notice requirement and rendering the tax conveyance valid.
¶ 21. The chancellor held the tax deed to Roach was void because the chancery *715 clerk failed to comply with the statutory notice requirements related to the redemption of property sold at tax sales.
¶ 22. The statutory notice requirements regarding redemption of property sold at tax sales are covered by Mississippi Code Annotated Sections 27-43-1 and 27-43-3 (Rev.2000). These statutes cover notification as to resident property owners and nonresident property owners. Ms. Goebel, who was the record owner of the property lived out-of-state and, therefore, the chancery clerk was required to follow the notice requirements for a nonresident.
¶ 23. When property is sold for unpaid county or municipal ad valorem taxes, the property owner must be given notice of his right to redeem the property within 180 days of, but no less than 60 days prior to, the expiration of the redemption period. DeWeese Nelson Realty, Inc. v. Equity Services Co., 502 So.2d 310, 311 (Miss.1986). Because Ms. Goebel was a nonresident, the chancery clerk was required to do the following: (1) send notice to her by certified or registered mail of her right to redeem this property at her usual street address or in the absence of a street address her post office address; (2) since that notice was undeliverable as addressed, the clerk was then obligated to search and inquire further in an effort to find an accurate street or post office address for Ms. Goebel; that further search was required to be documented by an affidavit which specified the particular acts of search and inquiry and was to be maintained as part of the permanent record in the clerk's office and noted on the tax sale records; and (3) if after further search and inquiry the clerk was still unable to determine an appropriate address for Ms. Goebel, he was required to file a second affidavit identifying the actions taken in seeking Ms. Goebel's address and stating that he had been unsuccessful in his efforts to do so. That affidavit likewise was required to be maintained in the office records and noted on the tax sale records as well.
¶ 24. The chancery clerk sent to Ms. Goebel at 3950 Via Real Rd, Carpiuteria, CA 93013, XXX-XXX-XXXX, by certified mail, return receipt requested, a redemption notice dated April 15, 1998. That notice was marked "undeliverable" and returned to the chancery clerk. The chancery clerk then caused to be published the notice of redemption in the Sea Coast Echo, a newspaper in general circulation in Hancock County. Janet Ladner, a deputy clerk in the Hancock County Chancery Clerk's office, executed a July 9, 1998 affidavit which claimed that phone directories, land records and tax rolls had been searched in an attempt to ascertain Ms. Goebel's most recent address. At trial, Ms. Ladner testified that despite her affidavit, she had no personal knowledge of any further efforts to locate an appropriate address for Ms. Goebel since those actions were supposedly undertaken by Ms. Bonano, who was no longer employed in the clerk's office.
¶ 25. The Hancock County Chancery Clerk's office failed to comply with the statutory notice requirements. There is no affidavit from any person who actually undertook further search and inquiry to determine an appropriate address for Ms. Goebel. As noted earlier, there was an affidavit from Ms. Ladner in which it was claimed that Ms. Ladner personally examined the phone directories, land records and tax rolls. However, this affidavit was repudiated by Ms. Ladner at trial. In addition to the testimony of Ms. Ladner repudiating her affidavit, the record contains other evidence indicative of the failure of the Hancock County Chancery Clerk's office to conduct further search and inquiry in an effort to obtain an appropriate address to notify Ms. Goebel or someone of the imminent maturity of the *716 tax title and the need to redeem the property for the 1995 taxes.
¶ 26. Had the land and tax records been searched as alleged in Ms. Ladner's affidavit, a diligent search should have indicated that on March 31, 1995, Trussell filed an application for homestead exemption. That application which was introduced into evidence as exhibit # 4 shows Ms. Trussell as residing at 4147 Dolphin Street, Bay St. Louis, Mississippi, which is the actual street address of this property. Had further search and inquiry been conducted, the clerk, using the address from the homestead application, might possibly have given notice under the resident provisions to Ms. Trussell.
¶ 27. Under the resident notice requirements, the clerk is required to: (1) issue the redemption notice to the sheriff of the county of the owner's residence, who is then required to effect personal notice and return his proof of service to the chancery clerk's office; (2) mail a copy of the redemption notice to the owner's street address or in the absence of a street address, her post office address and note such action on the tax sales record; (3) publish the name and address of the property owner and the legal description of the property in a local newspaper if available, otherwise publish in a newspaper having general circulation in the county where the property is located; publication should be done at least forty-five days prior to the expiration of the redemption period; and (4) if the notice by mail is returned "undeliverable" and personal notice has been returned by the sheriff as "not found," then the clerk shall make further search and inquiry to determine the appropriate address. If an appropriate address is unable to be located, then the clerk shall file an affidavit following the same procedures noted for nonresidents.
¶ 28. The only resident notice requirement undertaken by the clerk was to publish notice in the Sea Coast Echo newspaper.
¶ 29. Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners. Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991). Any deviation from the statutorily mandated procedure renders the sale void. Hart v. Catoe, 390 So.2d 1001, 1003 (Miss.1980). In the present case, the chancellor found significant departures from the statutorily mandated procedure, and accordingly voided the sale and cancelled the tax deed.
¶ 30. There is substantial evidence in the record which supports the chancellor's decision. Where the chancellor's decision correctly applied the law and is supported by substantial evidence, we are obligated to affirm that decision. Carter v. Carter, 735 So.2d 1109(¶ 18) (Miss.Ct.App.1999).
¶ 31. This Court's discussion of possible notice to Trussell under the resident provisions is not intended as a suggestion that such notice would have been legally effective. It is instead intended to merely indicate that no further inquiry was undertaken.
¶ 32. The redemption statutes, Mississippi Code Annotated Sections 27-43-1 and 27-43-5 (Rev.2000), mandate that notice be given to the record owner and any lien holder of record.
¶ 33. Homestead exemption, pursuant to Mississippi Code Annotated Section 27-33-3 (Rev.2000), is only available to residents of this State, who own and reside on the property claimed for homestead purposes. Had the Hancock County Chancery Clerk done further inquiry as mandated by law, he would have seen that Trussell, by her application for homestead *717 exemption, claimed an ownership interest in this property.
¶ 34. THE JUDGMENT OF THE HANCOCK COUNTY CHANCERY COURT IS AFFIRMED AS TO DIRECT APPEAL. THE CROSS-APPEAL IS RENDERED MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. McMILLIN, C.J., SOUTHWICK, P.J., CONCUR IN RESULT ONLY.