931 So.2d 679 (2006)
VIKING INVESTMENTS, LLC d/b/a Trademark Title Services, Appellant
v.
ADDISON BODY SHOP, INC., Curtis T. Addison, Individually and d/b/a Addison Body Shop, Inc., and Central Mississippi Planning and Development District, Appellees.
No. 2005-CA-01099-COA.
Court of Appeals of Mississippi.
June 13, 2006.
*680 John Denver Fike, attorney for appellant.
Harry Jones Rosenthal, Tommie Lee Stingley, attorneys for appellees.
Before KING, C.J., IRVING, CHANDLER and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. This appeal arises from an order of the Chancery Court of Hinds County declaring a tax sale of property owned by Curtis Addison (doing business as Addison Body Shop, Inc.) void because Addison was not given adequate notice of the expiration of the redemption period. Feeling aggrieved, Viking Investments, LLC (Viking) appeals and asserts the following error: whether a tax sale is void pursuant to Mississippi Code Annotated § 27-43-3 (Rev.2004), when the landowner receives notice of the expiration of redemption period by certified mail, but notice by personal service fails to comply with Rule 4 of the Mississippi Rules of Civil Procedure.
¶ 2. We find no error. Therefore, we affirm.

FACTS
¶ 3. The property which is the subject of this litigation was conveyed to Addison Body Shop, Inc. (Addison) by a warranty deed dated November 8, 1996.[1] Due to unpaid ad valorem taxes for the year 2000, the subject property was sold at a tax sale to Viking on August 27, 2000. On September 22, 2003, the chancery clerk executed a tax deed to Viking. On April 7, 2004, Viking filed a complaint to confirm tax title. On May 13, 2004, Addison filed his answer to the complaint. On March 18, 2005, the Hinds County Chancery Court held a hearing on Viking's complaint to confirm tax title. At the conclusion of that hearing, Viking and Addison were asked to submit proposed findings of fact and conclusions of law regarding whether "Addison received adequate notice of the redemption period as contemplated by Mississippi Code Annotated Section 27-43-3." Ultimately, the chancery court found that "Addison was not given adequate notice of the expiration of the redemption period" and, therefore, declared the tax sale of Addison's property void. From that adverse ruling, Viking appeals.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. Viking acknowledges that Mississippi Code Annotated section 27-43-3 requires that three different forms of notice be sent to a landowner informing the landowner of the opportunity to redeem his property when the property has been sold because of delinquent ad valorem taxes. However, Viking maintains that "a *681 strict reading and interpretation of Mississippi Code Annotated § 27-43-3 indicates that both notice by personal service and certified mail must return not found before the duty of further search and inquiry by the chancery clerk is triggered." Therefore, Viking argues that since Addison was properly served with notice by certified mail and publication and neither was returned not found, the chancery clerk specifically complied with the dictates of section 27-43-3 and, thus, the tax sale was valid.
¶ 5. Addison counters that the notice requirements set forth in section 27-43-3 state that notice of the redemption period must be accomplished by three means: (1) personal service, (2) service by mail, and (3) publication in a newspaper. Addison argues that the sheriff failed to perfect personal service of the redemption notice because the deputy sheriff served the notice by posting it to Addison's property. Therefore, Addison contends that the chancery court was correct in its finding that he did not receive adequate notice of the redemption period in accordance with section 27-43-3.
¶ 6. "When property is sold for unpaid county or municipal ad valorem taxes, the property owner must be given notice of his right to redeem the property within 180 days of, but no less than 60 days prior to, the expiration of the redemption period." DeWeese Nelson Realty, Inc. v. Equity Services Co., 502 So.2d 310, 311 (Miss. 1986). Chancery clerks are required to provide notice to property owners in accordance with Mississippi Code Annotated section 27-43-3 (Rev.2002), which states in pertinent part:
The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.[2]
The Mississippi Supreme Court has held that "[s]ection 27-43-3 requires redemption notice be given by personal service, by mail, and by publication in an appropriate newspaper." DeWeese Nelson Realty, Inc., 502 So.2d at 312. Therefore, in order for a redemption notice to be complete and in accordance with the statute, all three requirements must be met.
¶ 7. "Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners." Roach v. Goebel, 856 So.2d 711, 716(¶ 29) (Miss.Ct.App.2003) (quoting Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991)). "Any deviation from the statutorily mandated procedure renders the sale void." Id. (citing Hart v. Catoe, *682 390 So.2d 1001, 1003 (Miss.1980)). In the present case, it is uncontradicted that the chancery clerk met two of the three redemption notice requirements by mailing a copy of the notice to Addison via certified mail and by publishing the notice in The Clarion-Ledger newspaper within the statutorily prescribed time frame. However, the personal service that Addison received did not meet the statutory requirements.
¶ 8. According to section 27-43-3, the sheriff is required to "serve personal notice as summons issued from the courts are served." Rule 4 of the Mississippi Rules of Civil Procedure dictates how summons issued from the courts are to be served. The Rule states in pertinent part:
The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows: (1) Upon an individual other than an unmarried infant or a mentally incompetent person, (A) by delivering a copy of the summons to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.
M.R.C.P. 4(d)(1)(A).
Here, the record indicates that the deputy sheriff posted the notice to Addison's business when he was unable to successfully locate Addison on the premises.[3] Posting a notice to the property when the intended recipient cannot be located is clearly not one of the methods for perfecting personal service under Rule 4. In its brief, Viking candidly admits that "it is obvious that this type of service fails to comply with the acceptable methods of service set forth by Rule 4 of the Mississippi Rules of Civil Procedure." This issue is without merit.
¶ 9. In short, we find that Addison was not given adequate notice of the expiration of the redemption period because he never received personal service as mandated by Rule 4. Therefore, in accordance with the dictates of section 27-43-3, we find that the chancery court was correct in its ruling that the tax sale of Addison's property was void.[4]
¶ 10. We briefly note that Viking made arguments pertaining to additional issues in its brief.[5] However, we find that *683 those issues are not germane to our resolution of the present case. Therefore, we decline to discuss the merits of those issues because we find that "notice must be given by personal service, mail, and publication before a landowner's rights are finally extinguished by the maturing of a tax deed." DeWeese Nelson Realty, Inc., 502 So.2d at 314.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Jackson Cigar and Tobacco Company conveyed its interest in the property to Addison.
[2] Addison testified that his home address was 4110 El Paso Street, Jackson, MS 39206. Therefore, there is no question that he was a Mississippi resident when the tax sale occurred.
[3] More accurately, the record reveals that the deputy sheriff served the notice as follows: "Posted to Property on 06/10/03."
[4] Section 27-43-3 provides that "[s]hould the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void. . . ."
[5] Viking makes the argument that Addison is judicially estopped from claiming an interest in the subject property. The basis for this argument is that Addison failed to list the subject property in his bankruptcy schedule when he filed chapter 13 bankruptcy. According to Viking, "judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." Viking makes an additional argument that the State of Mississippi and Hinds County have a "compelling governmental interest in collecting ad valorem taxes as a source of revenue." Therefore, "[p]ermitting a landholder to engage in such egregious conduct without any form of repercussion, is contrary to State public policy, completely undermines the tax system as established, and sets a dangerous precedent for future cases."