MYERS, P.J.,
for the Court.
¶ 1. Daniel Wright was the owner of a piece real property located at 1980 Highway 80 West, in Jackson, Mississippi. Wright failed to pay the 2004 ad valorem taxes, and the subject property was sold by Hinds County for taxes in August 2005. It ultimately came into the possession of Rebuild America, Inc.
¶ 2. After the tax sale, the property was not redeemed by Wright during the following two years. Rebuild America then filed a complaint to quiet title in the Chancery Court of Hinds County, against Wright. During the pendency of the proceedings, Wright died, and his estate was substituted as the defendant.
¶ 8. Following discovery, both parties filed motions for summary judgment. After a hearing, the chancellor granted the Estate’s motion, finding that Wright had not been personally served with the required statutory notice of the tax sale, as provided by Mississippi Code Annotated sections 27-43-1 to -3 (Supp.2009). The chancellor therefore granted the Estate’s motion for summary judgment and denied Rebuild America’s. The chancery court entered a judgment on December 19, 2008, and Rebuild America filed a timely notice of appeal.
¶ 4. On appeal, Rebuild America argues that the chancellor erred in finding that the chancery clerk had failed to comply with the statutory notice procedure. In the alternative, it asserts that the chancellor erred in failing to award damages and interest to Rebuild America pursuant to Mississippi Code Annotated sections 27-45-3 and -27 (Rev.2006). Finding only the second contention of error meritorious, we affirm in part and reverse and remand in part for further proceedings consistent with this opinion.
STANDARD OF REVIEW
¶ 5. We review a trial court’s disposition of a motion for summary judgment de novo. Treasure Bay Corp. v. Ricard, 967 So.2d 1235, 1238(¶ 10) (Miss.2007). This Court “examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979(¶ 7) (Miss.2001) (citations omitted). The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact. Id. “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.” Monsanto Co. v. Hall, 912 So.2d 134, 136(¶ 5) (Miss.2005).
DISCUSSION
1. Statutory Notice
¶ 6. Regarding the statutory notice requirement, we have previously held:
‘When property is sold for unpaid county or municipal ad valorem taxes, the property owner must be given notice of his right to redeem the property within 180 days of, but no less than 60 days prior to, the expiration of the redemption period.” DeWeese Nelson Realty, Inc. v. Equity Services Co., 502 So.2d 310, 311 (Miss.1986). Chancery clerks are required to provide notice to property owners in accordance with Mississippi Code Annotated section 27-43-3 (Rev. 2002), which states in pertinent part:
*1204 The clerk shall issue the notice to the sheriff of the county of the reputed owner’s residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
The Mississippi Supreme Court has held that “[sjection 27-43-8 requires redemption notice be given by personal service, by mail, and by publication in an appropriate newspaper.” DeWeese Nelson Realty, Inc., 502 So.2d at 312. Therefore, in order for a redemption notice to be complete and in accordance with the statute, all three requirements must be met.
Viking Investments, LLC v. Addison Body Shop, Inc., 931 So.2d 679, 681 (¶ 6) (Miss.Ct.App.2006) (footnote omitted). Furthermore:
“Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners.” Roach v. Goebel, 856 So.2d 711, 716(¶ 29) (Miss.Ct.App.2003) (quoting Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991)). “Any deviation from the statutorily mandated procedure renders the sale void.” Id (citing Hart v. Catoe, 390 So.2d 1001, 1003 (Miss.1980)).
Id. at 681-82(¶ 7).
¶ 7. Turning to the case at hand, both parties agree that Wright was properly served by mail and by publication. Regarding personal service, however, the sheriffs return stated that the process server had been unable to locate Wright, and that the deputy had therefore left a copy of the notice attached to an outer door of a structure on the subject property. We have previously found this insufficient to satisfy the personal service requirement of section 27-43-3. Id. at 682(¶ 8).
¶8. On appeal, Rebuild America acknowledges that Wright was not personally served with the required notice. However, it argues that this defect was cured by an affidavit executed by a deputy chancery clerk pursuant to section 27-43-3, which provides in pertinent part:
In the event the notice by mail is returned undelivered and the personal notice as herein above required to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry to ascertain the reputed owner’s street and post office address.
It continues in relevant part:
If the clerk is still unable to ascertain the reputed owner’s street or post office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the *1205 office of the clerk and such action shall be noted on the tax sale record.
¶ 9. We find that this provision of section 27-43-3 is simply inapplicable to the facts presented. As to instate property owners, before an affidavit may suffice, section 27-43-3 requires both a failure of personal service and a return of the notice by mail as undelivered. But see Norwood v. Moore, 932 So.2d 63, 66(116) (Miss.Ct.App.2006) (noting that as to out-of-state owners, personal service is not required by the statute, so only failure of notice by mail is required before affidavits may suffice). Here, both sides agree that notice was served by mail. Under a strict reading of the statute, the chancery clerk’s affidavit cannot be a substitute for personal service where notice by mail was completed.
¶ 10. Additionally, we note that in Norwood, this Court held that not one, but two affidavits, documenting the two distinct searches and inquiries that are required by the statute, are required where the required service has failed. Id. at (¶¶ 7-8). The record here contains only a single affidavit, concerning a single search and inquiry. Furthermore, that affidavit is unsworn, and an unsworn affidavit cannot create a genuine issue of material fact to defeat summary judgment. Thomas v. Greenwood Leflore Hosp., 970 So.2d 273, 277(¶ 19) (Miss.Ct.App.2007).
¶ 11. Accordingly, we find that this issue is without merit.
2. Statutory Damages
¶ 12. Rebuild America argues that, even if the chancery court properly found against it regarding title to the property, Rebuild America was entitled to damages stemming from certain expenses it incurred relating to the tax sale, as provided for in Mississippi Code Annotated sections 27-45-3 and-27. The Estate does not dispute that Rebuild America would be entitled to such damages, but it argues that Rebuild America waived the issue by failing to raise it for the chancellor to consider.
¶ 13. The chancellor’s final judgment did not address whether Rebuild America would be entitled to damages under the statutes.
¶ 14. In reviewing the record, we find that this issue was properly submitted to the chancery court in Rebuild America’s initial complaint. While Rebuild America may not have forcefully reiterated its demand in arguing the dueling motions for summary judgment, the chancellor should nonetheless have addressed the issue before entering a final judgment. Accordingly, the chancellor’s judgment is reversed to the extent that it denies Rebuild America damages under sections 27-45-3 and -27, and the case is remanded for the chancellor to determine what damages are owing to Rebuild America under the aforementioned statutes.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.