MAXWELL, J.,
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. The motion for rehearing is granted. The original opinion of this court is withdrawn, and this opinion is substituted in lieu thereof.
¶ 2. Robert and Mattie McGee were the owners of two pieces of real property located in Jackson, Mississippi. Merchants and Farmers Bank (“M & F Bank”) held a deed of trust on both properties. The McGees failed to pay the 2004 ad valorem *158 taxes, and the properties were sold by Hinds County for taxes on August 29, 2005, to Wachovia Bank, as custodian for Sass Muni V.
If 3. After the tax sale, the properties were not redeemed by the McGees or M & F Bank during the following two years. Wachovia Bank then conveyed its interest in both properties to Rebuild America, Inc. by quitclaim deed. Rebuild America brought suit in the Chancery Court of Hinds County on December 11, 2007, filing petitions to confirm and quiet title.[1] The McGees and M & F Bank responded, arguing that the tax deeds were invalid because they had not been properly served with the required statutory notice of the end of the redemption period.
¶ 4. The case was ultimately submitted to the chancellor on a stipulation of undisputed fact, in lieu of a trial. Several affidavits were also offered. The chancellor entered an opinion and order setting aside both tax sales on June 23, 2009, and this appeal followed.
DISCUSSION
1. Statutory Notice
¶ 5. We have articulated the statutory notice requirements as follows:
“When property is sold for unpaid county or municipal ad valorem taxes, the property owner must be given notice of his right to redeem the property within 180 days of, but no less than 60 days prior to, the expiration of the redemption period.” DeWeese Nelson Realty, Inc. v. Equity Services Co., 502 So.2d 310, 311 (Miss.1986). Chancery clerks are required to provide notice to property owners in accordance with Mississippi Code Annotated section 27-43-3 (Rev. 2002), which states in pertinent part:
The clerk shall issue the notice to the sheriff of the county of the reputed owner’s residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
The Mississippi Supreme Court has held that “[s]ection 27-43-3 requires redemption notice be given by personal service, by mail, and by publication in an appropriate newspaper.” DeWeese Nelson Realty, Inc., 502 So.2d at 312. Therefore, in order for a redemption notice to be complete and in accordance with the statute, all three requirements must be met.
Rebuild Am., Inc. v. Estate of Wright, 27 So.3d 1202, 1203-04 (¶ 6) (Miss.Ct.App.2010) (quoting Viking Invs., LLC v. Addi *159 son Body Shop, Inc., 931 So.2d 679, 681 (¶ 6) (Miss.Ct.App.2006)). Additionally:
“Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners.” Roach v. Goebel, 856 So.2d 711, 716 (¶ 29) (Miss.Ct.App.2003) (quoting Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991)). “Any deviation from the statutorily mandated procedure renders the sale void.” Id. (citing Hart v. Catoe, 390 So.2d 1001, 1003 (Miss.1980)).
Id. at 1204 (¶ 6) (quoting Viking Invs., 931 So.2d at 681-82 (¶ 7)).
¶ 6. The chancellor found that M & F Bank was properly served with the required notice for both properties, and there is no dispute that the McGees were properly served with notice by publication. However, the chancellor found that the McGees had not been personally served by the sheriff and that no sheriffs returns had been made to the chancery clerk for either of the McGees on either property. The chancellor, therefore, set aside both tax sales. On appeal, Rebuild America argues that this defect was cured by the execution of unsworn affidavits by the Hinds County Chancery Clerk — each to the effect that the clerk had made a diligent effort to locate the McGees. M & F Bank and the McGees argue that the plain language of the statute precludes the use of such affidavits where no sheriffs return has been made.
¶ 7. It is undisputed that no sheriffs returns were made to the chancery clerk, and it is apparent from the record that the notice by mail to Mattie was ineffective because it was signed for by Robert.[2] Rebuild America argues on appeal that these defects were cured by the unsworn affidavits executed by a deputy clerk pursuant to the statute. Mississippi Code Annotated section 27-43-3 provides:
In the event the notice by mail is returned undelivered and the personal notice as herein above required to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry to ascertain the reputed owner’s street and post office address.
It continues in relevant part:
If the clerk is still unable to ascertain the reputed owner’s street or post office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record.
¶ 8. Rebuild America’s argument fails for several reasons. First, the plain language of the statute is that such an affidavit may suffice only where “notice by mail is returned undelivered and the personal notice as herein above required to be served by the sheriff is returned not found.” Id. (emphasis added). See also Estate of Wright, 27 So.3d at 1205 (¶ 9). We strictly construe the statute in favor of *160 the property owners. Id. at 1204 (¶ 6). Here, affidavits cannot suffice because the notices by mail were not returned undelivered, nor were the sheriffs returns made not found. Moreover, the “affidavits” executed by the chancery clerk are unsworn and, therefore, insufficient to meet the statutory requirements. Id. at (¶ 10). Additionally, for an affidavit to suffice, the statute requires both an initial diligent search and inquiry prior to the attempted service, as well as a second search and inquiry after the failed service; here, the clerk’s statements attest to only one search. We have required that the affidavit must attest to both searches and inquiries required by the statute. Id. (citing Norwood v. Moore, 932 So.2d 63, 66 (¶ 6) (Miss.Ct.App.2006)).
¶ 9. As the McGees were not given the required statutory notice, the chancellor properly set aside the tax sale. This issue is without merit.
2. Remand for Damages
¶ 10. Rebuild America argues that, in the alternative, this Court should remand the case to the chancery court to determine the statutory redemption amount owed to Rebuild America or whether Rebuild America is entitled to any other damages under the statute. By his June 23, 2009, order, the chancellor reinstated the McGees’ statutory right to redeem their property. But the chancellor was silent as to Rebuild America’s statutory right to damages.
¶ 11. According to the statutory right reinstated to the McGees, they:
... may redeem ... by paying to the chancery clerk, regardless of the amount of the purchaser’s bid at the tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale, and five percent (5%) damages on the amount of taxes for which the land was sold, and interest on all such taxes and costs at the rate of one and one-half percent (1-1/2%) per month, or any fractional part thereof, from the date of such sale, and all costs that have accrued on the land since the sale, with interest thereon from the date such costs shall have accrued, at the rate of one and one-half percent (1-1/2%) per month, or any fractional part thereof....
Miss.Code Ann. § 27-45-3 (Rev.2006). See also Miss.Code Ann. § 27-45-27 (Rev. 2006) (creating statutory lien in favor of tax-sale purchasers).
¶ 12. In Lawrence v. Rankin, 870 So.2d 673, 676-77 (¶ ¶ 19-22) (Miss.Ct.App.2004), this court reversed a chancellor’s damage award to a tax-sale purchaser, whose tax deed had been set aside, because the award did not conform to the amount of taxes, interest, and damages owed under section 27-45-3. We remanded with instructions to (1) calculate the amount of taxes due, plus interest and damages, and (2) direct the owner-redeemer to pay that sum to the tax-sale purchaser. Id. at 677 (¶ 21).
¶ 13. Because the relief requested by Rebuild America is consistent with section 27-45-3 and our holding in Lawrence, we similarly remand the issue of damages and instruct the chancellor to (1) calculate the amount of statutory damages and (2) order the McGees to pay Rebuild America that amount.
3. Sanctions
¶ 14. M & F Bank and the McGees argue that this Court should sanction Rebuild America for filing a frivolous appeal. At issue is “whether a reasonable person would have any hope for success.” Harris v. Harris, 988 So.2d 376, 380 (¶ 16) (Miss.2008). Although we have found Rebuild America’s arguments without merit, *161 we do not find them frivolous. Sanctions are not warranted in this case.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Rebuild America filed two suits, one for each property, which were subsequently consolidated into a single action.

. We have held that "section 27-43-3 contemplates that each owner shall receive the notice required by the statute.” Rebuild America, Inc. v. Milner, 7 So.3d 972, 976 (¶ 15) (Miss.Ct.App.2009) (internal quotations omitted) (quoting Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991)). In Milner, this Court held that where a husband signed for the statutory notice sent by certified mail, his wife was not properly served, notwithstanding that the notice was addressed to both. Here, Robert signed for both notices sent to Mattie; under a strict reading of the statute, she was not properly served by mail with respect to either property.