BARNES, J.,
for the Court:
¶ 1. Deloris Ferguson purchased a 15.5-acre parcel of real property at a tax sale in DeSoto County, Mississippi, on August 26, 2005. James E. Johnson was the property owner of record. In September 2008, the parcel was conveyed to Ferguson after the redemption period had expired. Johnson filed a complaint to set aside the tax sale, and Ferguson subsequently filed a complaint to confirm the tax sale. The cases were consolidated for further proceedings. Both Ferguson and Johnson filed motions for summary judgment. The chancery court granted Ferguson’s motion and denied Johnson’s; Johnson now appeals. Finding that the tax sale was void, we reverse and render judgment in favor of Johnson.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. The 15.5 acres of land at issue in this appeal is part of a larger twenty-five-acre parcel of real property, which has been in Johnson’s family for many years. However, the 15.5-acre parcel and the other 10.36 acres are listed as separate tax parcels. Johnson lived on the property until he was approximately fifty years old, when he moved from the property and bought a residence in Memphis, Tennessee. Although Johnson has lived in Memphis for approximately twenty years, he maintains that he is still considered a resident of DeSoto County, citing several reasons. Johnson continued to claim the twenty-five acres as his homestead.[1] He also maintains a Mississippi driver’s license, is registered to vote in DeSoto County, and pays Mississippi income taxes. Johnson’s daughter, Trenese Franklin, lives on the 10.36 acres at 3671 Horn Lake Road, Nesbit, Mississippi; his son, Terrell Johnson, has lived in a mobile home on the 15.5-acre parcel since 2001 (3567 Horn Lake Road). Since 1986, DeSoto County has listed Johnson’s physical and mailing address as 3671 Horn Lake Road, Nesbit, Mississippi 38651.
¶ 3. Ferguson purchased the 15.5-acre parcel on August 26, 2006, for $173.69, representing the past-due 2005 ad valorem taxes and costs. Notice of the tax sale *713 was sent to Johnson at the 3671 Horn Lake Road address listed in the land records. However, the letter was returned “unclaimed.” Additionally, the DeSoto County’s Sheriffs Office posted a notice of the tax sale on the door of the 3671 Horn Lake Road property. Publication of the sale was also made on June 24, 2008, and on July 1, 2008.[2] In the record is a “Tax Search Form” stating that the chancery clerk attempted to serve notice to Johnson on two separate occasions. At the bottom of this form, it states:
Affidavit
In accordance with Section 27-43-3 of the Mississippi Code of 1972, I have issued and attempted to serve the notice required upon the above named reputed owner in the above described manner in an effort to ascertain the reputed owner’s street and post office address, and after diligent search and inquiry, I have tried to locate the person named above, This the _ day of _, 20_
The tax-search form was signed by the deputy chancery clerk in space allotted; however, the form was neither dated nor notarized.
¶ 4. The chancery clerk conveyed the 15.5-acre parcel to Ferguson on September 26, 2008. Johnson filed a complaint to set aside the conveyance on October 8, 2008. Ferguson later filed a complaint to confirm title in a separate action; both cases were consolidated for further proceedings. On July 8, 2009, Ferguson filed a motion for summary judgment. Johnson responded with a counter-motion for summary judgment, claiming that the tax sale was void as: (1) the chancery clerk’s affidavit did not satisfy the requirements of Mississippi Code Annotated section 27-43-3 (Rev.2006); (2) the notice to Johnson of the tax sale was not conducted as required under section 27-43-3; (3) the tax sale was not conducted pursuant to Mississippi Code Annotated section 27-41-59 (Rev. 2006); and (4) Johnson’s failure to receive notice -violated his due-process rights under the United States Constitution.
¶ 5. On January 12, 2010, the chancellor, finding “the statutory requirements for a valid tax sale [had] been met,” granted Ferguson’s motion for summary judgment and entered a final judgment to quiet and confirm title in favor of Ferguson. Johnson appeals, incorporating his claims from his counter-motion for summary judgment. Upon review, we find that the tax sale is void as the purported “affidavit” was un-sworn. Thus, the chancery court erred in granting summary judgment for Ferguson, and we reverse and render judgment in favor of Johnson.
STANDARD OF REVIEW
¶ 6. A grant of summary judgment is reviewed de novo. Farmer v. Richardson, 970 So.2d 261, 264 (¶ 9) (Miss.Ct.App.2007) (citing Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547 (¶13) (Miss.1998)). “Summary judgment should be granted only where the pleadings, discovery materials, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.” Chariot v. Henry, 45 So.3d 1237, 1247 (¶ 31) (Miss.Ct.App.2010) (citing M.R.C.P. 56). “The evidence must be viewed in the light most favorable to the party against whom the motion has been made.” Id. at 1246 (¶ 31) (quoting Russell v. Orr, 700 So.2d 619, 622 (¶ 8) (Miss.1997)). “The party requesting summary judgment bears the burden of demonstrating that no genuine issue of *714 material fact exists.” Buckel v. Chaney, 47 So.3d 148, 153 (¶ 10) (Miss.2010) (citing Watson Quality Ford, Inc. v. Casanova, 999 So.2d 830, 833 (¶ 7) (Miss.2008)).
Whether the affidavit filed by the chancery clerk’s office satisfied the statutory requirements of section 27-43-3.
¶7. “When property is sold for unpaid county or municipal ad valorem taxes, the property owner must be given notice of his right to redeem the property within 180 days of, but no less than 60 days prior to, the expiration of the redemption period.” Viking Invs., LLC v. Addison Body Shop, Inc., 931 So.2d 679, 681 (¶ 6) (Miss.Ct.App.2006) (quoting DeWeese Nelson Realty, Inc. v. Equity Servs. Co., 502 So.2d 310, 311 (Miss.1986)). The statute governing the owner’s right to notice of redemption is Mississippi Annotated Code section 27-43-3, which states that if the reputed owner of the property is a resident of Mississippi, notice must be given by registered or certified mail to the owner’s usual physical or mailing address, personal notice in the same manner as in Mississippi Rule of Civil Procedure 4, and publication in the county where the land is located. If the owner is a non-resident, then personal notice is not required. The statute further states that if the chancery clerk is unable to serve effective notice to the owner after two attempts:
[I]t shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record.
Miss.Code Ann. § 27 — 13-3.
¶ 8. Johnson contends that the chancery clerk failed to satisfy the requirements of the statute as the “affidavit” submitted by the chancery clerk’s office was not a sworn affidavit. As such, he claims that the tax sale is void. “Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners.” Viking Invs., LLC, 931 So.2d at 681 (¶ 7) (quoting Roach v. Goe-bel, 856 So.2d 711, 716 (¶ 29) (Miss.Ct.App. 2003)). “Any deviation from the statutorily mandated procedure renders the sale void.” Id.
¶ 9. We agree with Johnson that the purported “affidavit” was insufficient to meet the requirements of section 27-43-3. In Thomas v. Greenwood Leflore Hospital, 970 So.2d 273, 277 (¶ 19) (Miss.Ct.App. 2007), this Court stated that:
An affidavit is “a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths.” Blacks Law Dictionary 58 (7th Edition 1999). The affidavit appears to be a standard form affidavit, but without being sworn it cannot create an issue of material fact. For our purposes it is merely a piece of paper with the word “affidavit” as its title.
Furthermore, in a recent case, Rebuild America, Inc. v. McGee, 49 So.3d 156, 159 (¶¶ 7-8) (Miss.Ct.App.2010), we found that “unsworn affidavits executed by a deputy clerk,” were not sufficient to cure any defects to notice and “insufficient to meet the statutory requirements.” Here, the wording in the purported affidavit is similar to that contained in the document in McGee, and although the document is labeled as an “Affidavit,” it is neither sworn nor notarized. It is only signed by the deputy chancery clerk. Therefore, in accordance with our holdings in Thomas and McGee, we must find that the document purporting to be an “affidavit” in this case is “merely a piece of paper with the word *715 ‘affidavit’ as its title.” See Thomas, 970 So.2d at 277 (¶ 19). Thus, it is insufficient to meet the statutory requirements of section 27-43-3.
¶ 10. Accordingly, we find that the chancellor erred in granting summary judgment in favor of Ferguson as the tax sale was void for failure to comply with the statute, and we reverse and render judgment in favor of Johnson. In light of this ruling, all other issues raised by Johnson on appeal are rendered moot.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. After the legal proceedings on this property were commenced, DeSoto County denied Johnson's homestead tax exemption on his DeSoto County property.

. Although Johnson had a history of being late with his tax payments, prior to this tax sale, Johnson had always managed to redeem the property.